UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA T. MARTIN,
    Plaintiff,

v.

MOSS LAW FIRM, P.C.,
    Defendant.

_____

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, LINDA T. MARTIN, by and through her counsel, and for her Complaint pleads as follows:

### JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 *et seq*. ("FDCPA").

2. This court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §§ 1331, 1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the federal law claims, pursuant to 28 U.S.C. § 1367.

## PARTIES

4. Plaintiff's name is Linda Trenholm Martin. Plaintiff is a natural person residing in Kent County, Michigan.

5. Defendant is a Texas professional corporation that maintains conducts business in the State of Michigan.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Kent County, Michigan.

7. Venue is proper in the Western District of Michigan, Southern Division.

## GENERAL ALLEGATIONS

8. Defendant is a Texas-based law firm that was retained by Capital One, N.A. ("Capital One") to collect a consumer credit card debt alleged to be owed by Plaintiff ("the alleged debt").

9. In fact, a person with the name "Linda Marie Martin" who lives in Texas is the true obligor of the alleged debt.

10. In or about July 2023, Plaintiff received a demand letter from Defendant to pay the alleged debt. Defendant mailed the demand letter to Plaintiff at her residence in Kentwood, Michigan. Plaintiff has excellent credit and has never done business with Capital One.

11. Plaintiff responded to Defendant and stated that the alleged debt did not belong to her. In addition, she supplied Defendant with copies of her driver's license, social security card, and a police report to demonstrate that the alleged debt did not belong to her.

12. In a letter dated July 12, 2023, Defendant acknowledged receipt of Plaintiff's letter. Defendant's letter identified a case number for a lawsuit pending in the Justice Court in Precinct 1 of Madison County, Texas, implying that a lawsuit against Plaintiff already had been filed in Texas ("the Texas case"). Defendant mailed this letter to Plaintiff at her residence in Kentwood, Michigan.

13. On or about July 28, 2023, Defendant served Linda Marie Martin with the complaint for the Texas case by personal service at an address in Midway, Texas.

14. Meanwhile, on or about August 10, 2023, Defendant sent another letter to Plaintiff at her residence in Kentwood, Michigan to collect the alleged debt. In this letter, Defendant denied Plaintiff's dispute of the alleged debt, referenced the Texas case and stated that the "letter is being supplied to you as verification of" the alleged debt.

15. Plaintiff was declined a credit increase from her current credit card lender due to the alleged debt being reported in her credit reports.

16. In addition, as a direct and proximate cause of Defendant's attempt to collect this bogus debt from Plaintiff, Plaintiff has suffered frustration, anger,

anxiety and other forms of emotional distress.  Plaintiff also has suffered aggravation of a pre-existing medical condition that has caused her great physical pain, loss of sleep and other physical harms.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. The debt at issue is a "debt" as defined at 15 U.S.C. 1692e(5) which includes obligations or alleged obligations of a consumer to pay money.

20. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue is a consumer debt for purposes of the FDCPA.

21. Defendant is a "debt collector" as defined by the FDCPA.

22. Defendant's letters to Plaintiff prominently state, in bold and in all capital letters, "**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR**."

23. Defendant's foregoing acts in attempting to collect the alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. § 1692(e)(2) by misrepresenting the character, amount or legal status of the alleged debt to Plaintiff as her obligation.

  b. 15 U.S.C. § 1692(e)(5) by threatening to take action against the Plaintiff which could not legally be taken by reciting the case information for the Texas case and implying that Plaintiff was being sued in the Texas case.

  c. 15 U.S.C. § 1692i by attempting to collect the alleged debt from Plaintiff in a Texas court when, in fact, she lives in Michigan.  Defendant's communications with Plaintiff were sent to Michigan both before and after it served the complaint on "Linda Marie Martin."  Defendant's attempt to collect the alleged debt from Plaintiff – knowing that she lived in Michigan and not in Texas – violated this provision of the FDCPA.

24. Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

  WHEREFORE, PLAINTIFF PRAYS that this Court grant her a judgment against Defendant for statutory damages, actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

**COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE**

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

27. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

5

28. Defendant's foregoing acts in attempting to collect the alleged debt violated the following provisions of the MOC:

    a. M.C.L. § 339.915(e), by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt;

    b. M.C.L. § 339.915(f)(i), by misrepresenting in a communication with a debtor the legal status of a legal action being taken or threatened;

    c. M.C.L. § 339.915(f)(ii), by misrepresenting in a communication with a debtor the legal rights of the creditor or debtor; and

    d. M.C.L. § 339.915(q), by failing to implement a procedure designed to prevent a violation by an employee.

29. Plaintiff has suffered damages as a result of these violations of the MOC.

30. These violations of the MOC were willful.

WHEREFORE, PLAINTIFF PRAYS that this Court grant her actual damages, statutory damages, treble damages, costs, interest and attorneys' fees as provided by the MOC.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

31. Plaintiff incorporates the preceding allegations by reference.

32. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

33. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

34. Defendant's foregoing acts in attempting to collect the alleged debt violated the following provisions of the MCPA:

    a. M.C.L. § 445.252(e), by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt;

    b. M.C.L. § 445.252(f)(i), by misrepresenting in a communication with a debtor the legal status of a legal action being taken or threatened;

    c. M.C.L. § 445.252(f)(ii), by misrepresenting in a communication with a debtor the legal rights of the creditor or debtor; and

    d. M.C.L. § 445.252(q), by failing to implement a procedure designed to prevent a violation by an employee.

35. Plaintiff has suffered damages as a result of these violations of the MCPA.

36. These violations of the MCPA were willful.

WHEREFORE, PLAINTIFF PRAYS that this Court grant her actual damages, statutory damages, treble damages, costs, interest and attorneys' fees as provided by the MCPA.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

>                             Respectfully submitted,

Dated: September 1, 2023       /s/ Carl Schwartz
                               CARL SCHWARTZ (P70335)
                               CREDIT REPAIR LAWYERS OF AMERICA
                               Attorneys for Plaintiff
                               39111 Six Mile Road, Suite 142
                               Livonia, MI 48152
                               (248) 353-2882
                               Fax (248) 353-4840
                               Email – carl@crlam.com